Timothy JOHNSON, Appellant
(Defendant),

v.

STATE of Indiana, Appellee.

No. 49A02–9409–CR–561.

Court of Appeals of Indiana.

Dec. 29, 1995.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, for appellant.

Pamela Carter, Attorney General, Louis E. Ransdell, Deputy Attorney General, Office of the Attorney General, Indianapolis, for appellee.

## OPINION

SULLIVAN, Judge.

Following a bench trial, Appellant Timothy Johnson (Johnson) was convicted of dealing in cocaine, a Class B felony[1] and possession of cocaine, a Class D felony.[2] He argues on appeal that the evidence adduced at trial was insufficient to support the convictions. We affirm the trial court with respect to the issue of sufficiency of the evidence but remand with instructions to vacate the conviction for possession.

Stated most favorably to the judgment, the facts reveal that on October 19, 1991, Johnson drove to the Our Place Lounge near 16th and Alabama streets for the purpose of selling one-half ounce of cocaine to one Donald Cummins for five hundred dollars. Johnson and Cummins had first met approximately one month earlier, and at that time Johnson had given his pager number to Cummins, so that Cummins could call if he ever wanted to buy cocaine from Johnson. The October 19 meeting had been initiated by a call from Cummins to Johnson at that number. Johnson, however, was unaware that Cummins was a long-time paid informant for the Indianapolis Police Department (IPD), and that Cummins had initiated the meeting at the direction of IPD Detective Thomas Tudor for the purpose of setting up a controlled buy.

With IPD officers observing from a distance, Cummins, Detective Tudor and IPD Detective Richard Kenney arrived at the meeting place in an undercover car. They parked in a nearby lot and waited for Johnson to arrive. When Johnson drove by, accompanied in the passenger seat by his brother, Cummins exited the undercover car and began walking toward Johnson's car. Detectives Tudor and Kenney stayed behind in the undercover car. Upon seeing Cummins walking toward them, both Johnson and his brother waved to Cummins, who then approached and got into the back seat of Johnson's car. In Johnson's car, a sale of twenty dollars worth of cocaine was consummated. During the sale, Johnson produced a bag of cocaine from under the driver's seat, while Johnson's brother provided wrapping for the cocaine. Johnson then exchanged a small amount of the cocaine with Cummins for twenty dollars. Cummins returned to the undercover car shortly after the transaction was completed. After seeing the bag and being told by Cummins that a larger amount of cocaine was in Johnson's car, Tudor in-

1. *See* I.C. 35–48–4–1 (Burns Code Ed.Repl.1994).   2. *See* I.C. 35–48–4–6 (Burns Code Ed.Repl.1994).

structed the other officers to go to Johnson's car, arrest the occupants, and secure the car. A search of Johnson's car on the scene revealed a bag of cocaine in the car's ashtray.[3] No cocaine or any other narcotics were found on Johnson's person.

Testifying on his own behalf, Johnson denied having ever met Cummins prior to October 19 and denied ever giving him a pager number or speaking with him prior to that date. Johnson testified that he had picked up his brother on the 19th with the intention of going bowling, but at his brother's request, they drove to the Our Place Lounge. Johnson testified that his brother had brought the cocaine and dealt it to Cummins, while Johnson did not participate in the exchange in any way. Johnson's brother did not testify at the trial.

Johnson argues that the state failed to prove every element of the offenses of dealing in cocaine[4] and possession of cocaine.[5] Specifically, he asserts that, because no cocaine was found on his person, and because the state's case was based largely on the testimony of a confidential informant, the evidence that he "knowingly" dealt or possessed cocaine was insufficient to sustain the conviction. We disagree.

The sufficiency of evidence necessary to sustain a conviction is governed by a well-settled standard and scope of review. We will not disturb the trial court's judgment of conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find each element of the charged crime proven beyond a reasonable doubt. *Hazzard v. State* (1994) Ind., 642 N.E.2d 1368, 1369; *Preston v. State* (1994) Ind.App., 644 N.E.2d 585, 589.

In this case, there was substantial and probative evidence, as above recited, that Johnson actively participated in both the arrangement and execution of the transaction. Johnson's argument essentially invites us to reweigh evidence and re-evaluate credibility of witnesses. That, we will not and cannot do. The trial judge, as the trier of fact here, heard the conflicting testimony concerning Johnson's role in the October 19 transaction. As trier of fact, he was free to credit either version of the events, notwithstanding the fact that the State relied on the testimony of a confidential informant. *See Haynes v. State* (1982) Ind., 431 N.E.2d 83, 85 (conviction in a drug case may be sustained upon the testimony of a confidential informant alone); *Simmons v. State* (1992) Ind.App., 585 N.E.2d 1341, 1343 (same).

Johnson argues finally that the evidence of possession is insufficient because the cocaine was ultimately found in the ashtray, as opposed to on Johnson's person. This argument is without merit. Possession of narcotics found within a car may be imputed to the driver of the car. *See Woods v. State* (1994) Ind.App., 640 N.E.2d 1089, 1091 (conviction of driver for possession upheld where cocaine found under driver's seat and not on driver's person). Here, the bag of cocaine was found in the front ashtray between the driver and passenger seats, which is obviously an area easily accessible to Johnson. Further, as stated above, there was direct testimony that Johnson knew about and actually handled the cocaine during the transaction. From this, the trial judge could easily conclude that Johnson possessed the cocaine.

There was ample evidence to support Johnson's convictions for both dealing in cocaine and possession of cocaine. As to these

---

3. A bag of what the officers suspected to be cocaine was found between the passenger side of the front seat and the passenger side door. Lab tests revealed, however, that the substance in this bag was not in fact cocaine or a narcotic. These same tests showed that the amount actually exchanged and the amount found in the ashtray were both cocaine.

4. In relevant part, I.C. 35–48–4–1 (Burns Code Ed.Repl.1994) provides:

"(a) A person who:
  (1) Knowingly . . .
    (C) Delivers . . . cocaine . . . commits dealing in cocaine . . . a Class B felony. . . ."

5. In relevant part, I.C. 35–48–4–6 (Burns Code Ed.Repl.1994) provides:

"(a) A person who . . . knowingly . . . possesses cocaine . . . commits possession of cocaine . . . a Class D felony. . . ."

issues, we affirm the judgment of the trial court.

■ We raise sua sponte, however, the issue of whether Johnson could be convicted for both dealing and possession in the instant case.[6] Possession of a narcotic drug is an inherently included lesser offense of dealing that drug, and a defendant generally may not be convicted and sentenced separately for dealing and possessing the same drug. *Mason v. State* (1989) Ind., 532 N.E.2d 1169, 1172, *cert. denied*, 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428; *Abron v. State* (1992) Ind.App., 591 N.E.2d 634, 636, *trans. denied*. However, our Supreme Court has indicated that separate convictions for dealing and possession are sustainable when the defendant deals a portion of a drug and retains the rest, if the dealing and possession charges are specifically based only on the respective quantities. *Collins v. State* (1988) Ind., 520 N.E.2d 1258, 1261.

■ In *Collins*, the defendant agreed to sell two grams of methamphetamine to an undercover officer. The defendant gave the officer a container with three grams worth of ¼ gram packets, and the officer selected two grams worth of the drug and returned the rest, along with payment, to the defendant. The defendant was convicted of both dealing and possession, and he argued on appeal that he could not be convicted and sentenced for both the greater and lesser charge. In response, the State argued that because the defendant sold a portion of the methamphetamine and retained the rest, separate convictions were permissible. Noting that, "[t]his would seem to be a good argument if that is what the State's case was based on", our Supreme Court searched the record for evidence that the State had adequately specified that the separate quantities of methamphetamine formed the basis of the separate convictions. 520 N.E.2d at 1261. Finding none, however, the Court concluded: "[i]t appears

the State's theory is that it was permissible to convict and sentence Collins for both selling and possessing the same drugs. . . . [T]his is error." *Id.*

We recently applied the *Collins* standard in a situation factually similar to the case at bar. In *Morgan v. State* (1995) Ind.App., 648 N.E.2d 1164, the defendant sold one rock of crack cocaine to an undercover officer. In doing so, he displayed a number of rocks to the officer and allowed him to pick one out. The officer picked one rock out and placed it in his pocket. When assisting officers rushed into the room, defendant was in possession of the remaining rocks, while the officer retained the rock that had been sold. Morgan was charged with both dealing and possession,[7] but the information carefully specified that the dealing charge referred only to the one rock actually delivered, while the possession charge referred only to the cocaine Morgan retained after the sale. We found this specificity of charging to be critical to the sustainability of the separate convictions, saying:

> "Here, Count II charged Morgan with dealing based upon his sale of the single cocaine rock to the undercover officer. Count III charged Morgan with possession . . . based upon Morgan's possession of the eighteen cocaine rocks in addition to the one he sold to the officer. Because the delivery charge is based upon the sale of the single rock of cocaine to the undercover officer, while the possession charge is based upon the possession of eighteen additional rocks of cocaine, double jeopardy is not offended. Morgan committed two separate offenses when he sold some drugs but kept others in his possession."

648 N.E.2d at 1172–1173 (emphasis supplied).

Thus, *Collins* and *Morgan* stand for the proposition that separate convictions for dealing and possession based upon a single sale of narcotics may be sustained, but to do

---

**6.** A double jeopardy violation constitutes fundamental error. *Wethington v. State* (1995) Ind. App., 655 N.E.2d 91, 95, *trans. denied*.

**7.** Morgan was charged with dealing in cocaine and possession of cocaine with intent to distribute, while in the instant case Johnson was charged with simple possession as well as actual

delivery. It may be noted that I.C. 34–48–4–1 defines possession with intent to deliver as "dealing"; therefore, the charges in *Morgan* were for the same crime. However, this does not affect the applicability of the analysis to the present case.

so the State must make clear that only the quantity sold forms the basis of the dealing charge, while only the quantity retained after the sale forms the basis of the possession charge. If this is not made clear, proof that the defendant dealt narcotics could also form the basis for proving that the defendant first possessed narcotics, allowing a defendant to be convicted twice for possessing and dealing the same drug, a result forbidden by *Mason. Mason, supra,* 532 N.E.2d at 1172. *See also Reynolds/Herr v. State* (1991) Ind.App., 582 N.E.2d 833, 839 (defendant's conviction for possession vacated where defendant also convicted of dealing and no possession of an amount other than that which was sold was proved).

In this case, the State has not separated the dealing and possession charges adequately to sustain the separate convictions. Indeed, a search of the record and review of the charging document suggests that no such distinction was intended. Count 1 of the information asserts that Johnson "did knowingly deliver to a confidential informant a controlled substance, that is: cocaine", while Count II alleges that Johnson "did knowingly possess a controlled substance, that is: cocaine". Record at 14. No distinction whatsoever as to which cocaine Johnson is accused of dealing and which he is accused of possessing is indicated by these charges.

Further, statements made by the prosecuting attorney during Johnson's sentencing suggest that no factual distinction between the dealing and possession charges was contemplated. In arguing for a fifteen year sentence, the prosecuting attorney stated his belief that, "the Court [should] sentence the Defendant on the [dealing] felony, because the [possession] would merge, to a fifteen year term...." Record at 238 (emphasis supplied). This statement suggests a belief that Johnson's convictions were related in a way that would not allow him to be sentenced for both. It is true that sentencing Johnson in this case for both dealing and possession was improper, but "merger" is not an appropriate means of resolving this issue. *See Mason, supra,* 532 N.E.2d at 1171.

Given the fact that no distinction was made in the information between the quantity of cocaine Johnson was charged with dealing and that which he was charged with possessing, and given that the only indication in the record suggests that the State intended no such distinction, Johnson cannot be convicted and sentenced separately for dealing and possession in this case.

### CONCLUSION

The judgment of the trial court is affirmed with respect to the issue of sufficiency of the evidence. However, we remand with instructions to vacate the conviction and sentence for possession.

KIRSCH and DARDEN, JJ., concur.