Michael TOWNSEND, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–9601–CR–16.

Court of Appeals of Indiana.

Nov. 21, 1996.

Thomas F. Strickler, Mishawaka, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Office of Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Michael Townsend ("Townsend") appeals his convictions of distributing a substance represented to be a controlled substance, a class C felony, possession of a substance represented to be a controlled substance, a class C misdemeanor, and resisting law enforcement, a class A misdemeanor, after a trial by jury. We affirm in part, and reverse in part.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict show that on the afternoon of June 8, 1995, the South Bend Police Department was conducting an undercover drug operation. Townsend waved police over to a curb, pulled out a black plastic baggie which contained several clear plastic baggies of a yellowish rock-like substance, and sold what appeared to be cocaine to police for $20 of marked money. After the transaction, additional police officers approached Townsend, identified themselves as police officers and asked him to stop. Townsend fled on his bicycle and eventually ran into a nearby apartment. He was apprehended and arrested inside the apartment after a brief scuffle. None of the marked money, plastic baggies, or substances which appeared to be cocaine were found on Townsend. After a search of the area in which Townsend fled, police found a black plastic baggie and one clear plastic baggie with a "rock" of what appeared to be cocaine on the ground approximately 25 feet from where the transaction occurred. These were identified as being the same in appearance as the baggies that Townsend possessed during the transaction. The substance purchased from Townsend as well as the substance found near the transaction were both tested by a state police chemist and found to contain no controlled substance.

On June 9, 1995, the prosecutor's office filed an information charging Townsend with possession of a substance represented to be a controlled substance, a class C misdemeanor, distributing a substance represented to be a controlled substance, a class C felony, and resisting law enforcement, a class A misdemeanor. At his initial hearing on June 12, 1995, Townsend entered a plea of not guilty, requested a public defender and made an oral motion for a speedy trial. The initial hearing was continued until June 26, 1995, at which time Townsend appeared with counsel. Townsend's request for a reduction in bail was denied and his case was set for trial on August 22, 1995, 71 days after his request for a speedy trial. Townsend did not object to the trial setting. On July 26, 1995, a hearing was held on the state's July 18, 1995 filing of an habitual offender charge as well as Townsend's motion to compel fingerprints. On August 1, 1995, the trial date was affirmed for August 22, 1995 without objection from Townsend.

On August 17, 1995, Townsend's initial trial counsel withdrew and Townsend appeared with new counsel. For the first time, Townsend moved to dismiss pursuant to Ind.Crim. Rule 4 and the trial court denied his motion. Townsend's trial began on August 22, 1995, as scheduled, at which time he filed a motion to dismiss alleging that the information filed by the state violated his rights of equal protection and due process and that he was denied his right to a speedy trial pursuant to Crim.R. 4. The trial court denied his motion, the trial proceeded, and Townsend was found guilty of all three counts as well as being an habitual offender. Townsend was incarcerated from the time of his arrest through his trial.

Additional facts will be supplied as needed.

### ISSUES

Townsend raises four issues on appeal which we restate as follows:

I. Whether the trial court improperly denied Townsend's motion to dismiss based upon a violation of his right to a speedy trial pursuant to Ind.Crim.Rule 4(B)(1).

II. Whether Townsend's trial counsel's failure to object to the setting of the trial date beyond the 70 day period prescribed

under Ind.Crim.Rule 4(B)(1) resulted in ineffective assistance of counsel.

III. Whether Townsend's due process rights were violated by a charging information which inadequately alleged the charge of distributing a substance represented to be a controlled substance, a class C felony.

IV. Whether Townsend's separate convictions for distributing a substance represented to be a controlled substance and possession of a substance represented to be a controlled substance violated his right against double jeopardy.

## DISCUSSION AND DECISION

### I.

■ Townsend contends that his right to a speedy trial pursuant to Ind.Crim.Rule 4(B)(1) was violated. Crim.R. 4(B)(1) provides, in part:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar....

Crim.R. 4(B)(1).[1] Our supreme court has held that "a defendant must object at the earliest opportunity when his trial is set beyond the time limitations of Crim.Rule 4. [citation omitted]. If an objection is not timely made, the defendant is deemed to have acquiesced to the later trial date." *Wright v. State*, 593 N.E.2d 1192, 1195 (Ind. 1992), *cert. denied.* 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 540 (1992). *See also Pasha v. State*, 524 N.E.2d 310, 312 (Ind.1988); *Smith v. State*, 477 N.E.2d 857, 861–62 (Ind. 1985).

■ In *Wright,* the court held that the defendant's delay in waiting nearly a month before filing an objection to the trial date allowed a reasonable assumption that he abandoned his request for a speedy trial pursuant to Crim.R. 4(B)(1). *Wright,* 593 N.E.2d at 1195. When a movant for an early trial date on a date within the 70 day period does not then object to a trial date which falls outside the limit, he has abandoned his request. *James v. State,* 622 N.E.2d 1303, 1306 (Ind.Ct.App.1993). In recognizing the defendant's obligation to call to the trial court's attention a trial date which had been set outside the time frame allowed by Crim.R. 4(B), our supreme court noted in *Utterback v. State,* 261 Ind. 685, 310 N.E.2d 552 (1974), that "[t]he purpose of the rules is to assure early trials and not discharge defendants." *Id.* at 553–54.

Townsend orally requested a speedy trial at his initial hearing on June 12, 1995. The initial hearing was continued to June 26, 1996 at which time the trial court set a trial date of August 22, 1995, 71 days from Townsend's request. Townsend failed to object to the trial court's setting of the trial date which fell outside of the 70 day period. Townsend contends that his motion to dismiss filed on August 17, 1995, was an implied objection to the trial date. However, even if this court accepts Townsend's contention, his motion to dismiss was filed almost two months after the trial court set the trial date. Townsend failed to object at the earliest opportunity. An earlier objection would have allowed the trial court to reset the trial for a date within the proper period. *Pasha,* 524 N.E.2d at 312. Therefore, he acquiesced to the later trial date. We find no error.

### II.

■ Townsend argues, in the alternative, that he was denied effective assistance of counsel in that his counsel failed to explicitly object to the scheduling of the trial date

---

1. Indiana adopted Criminal Rule 4 to establish a particular time period for the constitutional guarantees to a speedy trial.

   The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. This

"fundamental principle of constitutional law," *Castle v. State* (1957), 237 Ind. 83, 85, 143 N.E.2d 570, 572, has long been zealously guarded by this Court. *See id.* To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995).

beyond the 70 day period provided in Crim.R. 4(B)(1). "In order to succeed on a claim of ineffective assistance of counsel, an appellant must show that: 1) his counsel's performance fell below an objective standard of reasonableness; and 2) but for counsel's deficient performance the result of the proceedings would have been different." *Fugate v. State,* 608 N.E.2d 1370, 1372 (Ind.1993). We find that Townsend's claim fails both prongs of the *Strickland* test.

As to the first prong, it would certainly appear reasonable for defense counsel to object to a setting beyond the prescribed seventy days. Yet it is not objectively unreasonable for counsel to accept a firm trial setting beyond but close to the seventy day date. As already noted, the purpose of the rule and the motion is to secure an early trial. Counsel accepted the setting and is presumed competent. At least in the absence of evidence that the court and the defense were ready and available for trial at an earlier date, such an acceptance cannot be deemed unreasonable.

■ In *Rhoton v. State,* 575 N.E.2d 1006 (Ind.Ct.App.1991), *trans. denied,* the defendant contended that he was denied effective assistance of counsel because his trial attorney failed to object to the trial court's rescheduling of his trial beyond the prescribed limits of Ind.Crim.Rule 4(C).[2] We found that the defendant failed to demonstrate that but for counsel's conduct, the result of the proceeding would have been different. Although *Rhoton* involved Crim.R. 4(C), the holding is still applicable to the case at bar.

If timely objection to the scheduling of his trial outside the proscribed time limit had been made, then, the court would have been put on notice that it was scheduling [the defendant's] trial beyond the one-year limit. Thus, the trial court could have either reaffirmed the March 6, 1984 trial

date, rescheduled [the defendant's] trial to a date no later than [the end of the one year period], or on its own motion entered an order continuing the trial due to a congested calendar. In either event, [the defendant] would not have been automatically discharged.

*Id.* at 1011. Additionally, if Townsend's counsel had objected, the trial court had the option of releasing him on his own recognizance which would have also satisfied the objective of Crim.R. 4(B). *Williams v. State,* 631 N.E.2d 485, 486 (Ind.1994), *reh'g denied.* For the foregoing reasons, Townsend has failed to show that his proceeding would have been different but for his trial counsel's failure to object to the trial date. We find no ineffective assistance of counsel.

### III.

■ Townsend argues that his conviction for distributing a substance represented to be a controlled substance, a class C felony, pursuant to IND.CODE § 35–48–4–4.6(a)(4) ("section 4.6(a)(4)"), violated his due process rights. He contends that the state failed to adequately distinguish this offense in the charging information from the offense of *dealing* in a substance represented to be a controlled substance, a class D felony, pursuant to IND.CODE § 35–48–4–4.5(a) ("section 4.5(a)"). Townsend argues that the only way to distinguish whether a defendant has been charged under section 4.5(a) or section 4.6(a)(4) is to have the prosecutor indicate the penalty sought for the underlying offense. We do not agree.

■ We first note that the prosecutor had the discretion to charge Townsend pursuant to section 4.5(a) or section 4.6(a)(4). *Conner v. State,* 613 N.E.2d 484 (Ind.Ct.App. 1993) *affirmed in part, vacated in part* 626 N.E.2d 803 (Ind.1993).[3] Townsend contends

---

2. Ind.Crim.Rule 4(C) provides that "[n]o person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; ..." It differs from Crim.R. 4(B) in that Crim.R. 4(B) provides for a shorter time period because it is applicable to defendants who are incarcerated.

3. In *Conner v. State,* the defendant argued that his conviction of *distributing* a substance represented to be a controlled substance, a class C felony under IND.CODE § 35–48–4–4.6, violated his constitution right to equal protection because the state could have charged and convicted him of *delivering* a substance represented to be a controlled substance under IND.CODE § 35–48–4–4.5, a class D felony. We held that "[t]he fact that one crime carries a more severe penalty

that his due process rights were violated in that count II of the charging information failed to specifically state that he was being charged under section 4.6(a)(4). We agree that due process requires that Townsend be properly informed of the charges against him.

> The information plays a crucial role in guaranteeing due process right, for "[b]oth the Indiana Constitution and the United States Constitution provide that an accused shall be informed of the charges against him," *McFarland v. State* (1979), 179 Ind.App. 143, 384 N.E.2d 1104, 1109, and "[d]ue process requires that defendants be notified of the charges against them." *Crawford v. State* (1987), Ind.App., 502 N.E.2d 1361, 1363, *reh. denied, trans. denied.* The purpose behind an information is to give the defendant notice of the crime for which he is charged, so that he is able to prepare a defense. [citation omitted]. Thus, "[c]onviction of an offense neither charged nor included within the criminal conduct alleged constitutes a denial of due process." *McFarland, supra,* at 1109.

*Salary v. State,* 523 N.E.2d 764, 765–66 (Ind. Ct.App.1988). However, we cannot agree with Townsend's contention that the charging information failed to satisfy this requirement.

The three counts with which Townsend was charged were listed at the top of the charging information. Count II is titled "DISTRIBUTING A LOOK–A–LIKE SUBSTANCE, *CLASS C FELONY*." (R.9) (emphasis added). Count II appears in the body of the information as follows:

> On or about the 8th day of June, 1995, in St. Joseph County, State of Indiana, MICHAEL TOWNSEND knowingly *distributed* a substance, other than a controlled substance or a drug for which a prescription is required under federal or state law, that was expressly or impliedly represented to be a controlled substance, that was *distributed* under circumstances that would lead a reasonable person to believe that the substance was a controlled substance, or by overall appearance would lead a reasonable person to believe the substance was a controlled substance, to-wit: cocaine.
>
> All of which is contrary to the form of the statute in such cases made and provided, to-wit: Indiana Codes 35–38–4–4.6(a)(4) and 35–38–4–4.5, . . . .

(R.9–10) (emphasis added). As Townsend contends, the primary difference between sections 4.5(a) and 4.6(a)(4) is that section 4.5(a) is a class D felony and uses the term "deliver" whereas section 4.6(a)(4) is a class C felony and uses the term "distribute." (Appellate Brief, p. 13). The charging information, in both the title and in the body of count II, indicated that the state was charging Townsend with distributing a look-a-like substance and not delivery. The title of the information specifically indicated that Townsend was being charged with a class C felony in count II. Townsend's argument that the exclusion of the penalty from the charging language requires a presumption that he was being charged with violating section 4.5(a), a class D felony, is not plausible. Although the title of the information did not enunciate the statutory provision, Townsend was provided notice of the crime for which he was charged.[4] Therefore, Townsend was convicted of an offense for which he was charged and the charging information did not deny him due process in that he was sufficiently informed of the charge against him.

## IV.

█ Townsend argues that his separate convictions for distributing a counterfeit sub-

---

than a different crime prohibiting identical conduct is irrelevant to the constitutionality of the statutory scheme." *Conner,* 613 N.E.2d at 489. "Overlapping statutes which carry differing penalties do not violate equal protection absent a showing that the two statutes are utilized to treat different recognizable classes of defendants differently." *Id.* Townsend made this argument to the trial court in his motion to dismiss but does not carry it forward on appeal.

4. Ind.Code § 35–34–1–2 lists various elements that are required for an information, including the citation of the statutory provision alleged to have been violated. However, the statute indicates that "any failure to include such a citation or any error in such a citation does not constitute grounds for reversal of a conviction where the defendant was not otherwise misled as to the nature of the charges against him; . . ." Ind.Code § 35–34–1–2(a)(3).

stance and possession of a counterfeit substance constitute a double jeopardy violation. We recently examined the issue of whether a defendant can be convicted of both dealing and possession. In *Johnson v. State*, 659 N.E.2d 242, 245 (Ind.Ct.App.1995), we noted that "separate convictions for dealing and possession are sustainable when the defendant deals a portion of a drug and retains the rest, *if the dealing and possession charges are specifically based only on the respective quantities.*" *Id.* (emphasis added) (citing *Collins v. State*, 520 N.E.2d 1258, 1261 (Ind. 1988)). We examined our supreme court's decision in *Collins,* 520 N.E.2d 1258, and our decision in *Morgan v. State,* 648 N.E.2d 1164 (Ind.Ct.App.1995), in concluding that:

> Thus, *Collins* and *Morgan* stand for the proposition that separate convictions for dealing and possession based upon a single sale of narcotics may be sustained, but to do so the State must make clear that only the quantity sold forms the basis of the dealing charge, while only the quantity retained after the sale forms the basis of the possession charge. If this is not made clear, proof that the defendant dealt narcotics could also form the basis for proving that the defendant first possessed narcotics, allowing a defendant to be convicted twice for possession and dealing the same drug, a result forbidden by *Mason. Mason [v. State],* supra, 532 N.E.2d [1169] at 1172 [(Ind.1989)]. . . .

*Johnson,* 659 N.E.2d at 245. We held that, given the fact that no distinction was made in the charging information between the cocaine that the defendant was accused of possessing and the cocaine that the defendant was accused of dealing and that the only indication in the record suggested that the state intended no such distinction, the defendant could not be convicted and sentenced separately for dealing and possession. *Id.* at 246.

In the case at bar, the language in the charging information for the possession charge in count I was identical to the language for the distribution charge in count II except that the word "possessed" appears in count I whereas the word "distributed" appears in count II. Similar to *Johnson,* no distinction whatsoever was made in the information between the look-a-like cocaine that Townsend was accused of distributing and the look-a-like cocaine that Townsend was accused of possessing. Our examination of the record reveals that the state presented some evidence alleging that Townsend possessed additional baggies containing a substance which appeared to be cocaine. One baggie which contained a look-a-like cocaine substance, separate from the one Townsend sold to police, was found close to the location of the transaction, was tested by a chemist and found to contain no controlled substance. However, given that the state made no distinction in the charging information, we cannot agree that the state provided a clear distinction by introducing some evidence of a possible possession aside from the quantity sold. We are not persuaded by the state's argument that there is "little chance that the jury used the transacted amount to serve as the basis for both the distributing charge and the possession charge." (Appellee Brief, p. 11). Therefore, Townsend cannot be convicted and sentenced separately for distributing a substance represented to be a controlled substance and possession of a substance represented to be a controlled substance.

### CONCLUSION

We remand to the trial court with instructions to vacate the conviction and sentence for the possession charge. In all other aspects, the judgment is affirmed.

HOFFMAN and STATON, JJ., concur.