Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**DEREK DWANE HARDY**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED
Aug 15 2012, 9:30 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEREK DWANE HARDY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1109-PC-445 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Judge
Cause No. 02D04-1104-PC-29

**August 15, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Derek Hardy ("Hardy"), pro se, appeals the denial of his petition for post-conviction relief and raises the following restated and consolidated issues:

I. Whether the post-conviction court erred in concluding that Hardy was not entitled to relief based on his claim of newly discovered evidence; and

II. Whether the post-conviction court erred in concluding that Hardy was not denied the effective assistance of trial and appellate counsel.

We affirm.

**Facts and Procedural History**

In our opinion arising out of Hardy's direct appeal, this court set out the facts and procedural history underlying Hardy's convictions as follows:

> Greg Addison, an undercover officer with the Fort Wayne Police Department, arranged through a confidential informant to purchase cocaine from Eric White. Officer Addison recorded the serial numbers of eight twenty-dollar bills and went to meet White. Officer Addison located White, who said he was waiting for his supplier to bring the cocaine. Officer Addison and White discussed drug prices, and Officer Addison gave the $160 to White. About five minutes later, Hardy arrived. White went to the driver's side of Hardy's truck, talked to Hardy for approximately three minutes, and then returned to deliver an off-white rock-like substance to Officer Addison.
> Hardy drove away from the scene under surveillance of police officers. Fort Wayne Police Officer John Drummer realized Hardy's truck had an altered license plate and ball hitch, so Officer Drummer initiated a traffic stop. Officer Drummer approached the driver's side of Hardy's truck and asked for the truck's registration and for identification from Hardy and his passenger. Officer Drummer noticed Hardy "had something large he was chewing in his mouth." Officer Drummer asked to see what Hardy was chewing, asked Hardy to open his mouth, and asked Hardy to spit out the object. When Hardy refused to cooperate, Officer Drummer sprayed pepper spray in the cab of Hardy's truck.
> Hardy and his passenger both fled out the passenger door of the truck. Officer Drummer slid through the truck and chased after Hardy. Hardy ran into traffic and then ran back toward his truck. He then fell on the street near a storm drain and threw a small plastic bag down the drain.

2

Police finally restrained him. Inspection of the drain revealed a small wet bag containing eight smaller bags of cocaine. Hardy had the buy money that Officer Addison had given to White.

The State charged Hardy with possession of cocaine, dealing in cocaine, and two counts of resisting law enforcement. A jury found Hardy guilty of possession, dealing, and one count of resisting law enforcement. The court pronounced the following concurrent sentences: ten years for dealing in cocaine, eighteen months for possession of cocaine, and one year for resisting law enforcement.

Hardy v. State, No. 02A05-0904-CR-231 (Ind. Ct. App. Oct. 7, 2009) (footnotes and record citations omitted). On direct appeal to this court, Hardy argued that the State presented insufficient evidence to support his convictions. This court disagreed and affirmed Hardy's convictions.

On April 12, 2010, Hardy filed a pro se petition for post-conviction relief alleging that newly discovered evidence entitled him to new trial and that he had received ineffective assistance of trial and appellate counsel. The petition also alleged freestanding claims of prosecutorial misconduct and double jeopardy violations. The post-conviction court held a hearing on the petition on November 15, 2010, and thereafter ordered Hardy to submit his case for post-conviction relief by affidavit pursuant to Post-Conviction Rule 1(9)(b). The post-conviction court issued an order denying Hardy's petition for post-conviction relief on August 10, 2011. Hardy now appeals.

**Standard of Review**

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners

3

a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." Id. at 644.

### I. Newly Discovered Evidence

Hardy argues that the post-conviction court erred in concluding that Hardy was not entitled to relief based on his claim of newly discovered evidence. Our supreme court has enunciated nine criteria for the admission of newly discovered evidence:

> [N]ew evidence will mandate a new trial only when the defendant demonstrates that: (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at retrial.

4

Taylor v. State, 840 N.E.2d 324, 329-30 (Ind. 2006) (quoting Carter v. State, 738 N.E.2d 665, 671 (Ind. 2000)). We analyze these nine factors with care, as the basis for newly discovered evidence should be received with great caution and the alleged new evidence carefully scrutinized. Id. at 330. "The burden of showing that all nine requirements are met rests with the petitioner for post-conviction relief." Id.

Hardy's purported newly discovered evidence consists of a "supplementary" police report prepared by Officer Addison indicating that White told Officer Addison that his supplier was his brother (Hardy is apparently not related to White), and that White "had a friend at the car wash with him."[1] Appellant's App. p. 40. The post-conviction court rejected Hardy's claim of newly discovered evidence because Hardy presented no evidence to support his contention that the State failed to disclose the report prior to his trial or that he used due diligence to discover the report, and because the report would not lead to a different result at trial. We agree.

Although Hardy called his defense counsel to testify at the post-conviction hearing, he elicited no testimony concerning whether counsel had received the police report prior to trial or what efforts counsel had made to discover the report. Accordingly, Hardy has not satisfied his burden with respect to the first and sixth prongs of the test for newly discovered evidence, respectively, that the evidence has been discovered since the trial and that due diligence was used to discover it in time for trial. See McElroy v. State,

---

[1] At his post conviction relief hearing, Hardy also claimed that an affidavit from White, in which White denies that any drug transaction took place on the date of Hardy's offenses, constituted newly discovered evidence. Hardy makes no such claim on appeal, and even if he did, we agree with the post-conviction court's conclusion that the affidavit is not worthy of credit.

864 N.E.2d 392, 396 (Ind. Ct. App. 2007) (holding that a petitioner's failure to present evidence from counsel can support an inference that counsel would not have corroborated the petitioner's allegations), trans. denied.

With respect to the post-conviction court's conclusion that the report would not lead to a different result at trial, we note that "[i]n ruling on whether the evidence would produce a different result, the trial court may properly consider the weight that a reasonable trier of fact would give it and while so doing may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case." Reed v. State, 702 N.E.2d 685, 691 (Ind. 1998). In order to prevail, the defendant must raise a strong presumption that the result in any subsequent trial would in all probability be different. Id. Hardy has made no such showing.

The evidence presented at trial established that Officer Addison recorded the serial numbers of eight twenty-dollar bills before going to meet White at the car wash. White did not have cocaine available for purchase when Officer White first arrived at the car wash, but when Hardy subsequently arrived in his truck, White went to the driver's side of the truck and stayed there for a few minutes before returning to deliver the cocaine to Officer Addison. When Hardy's truck was later stopped by the police, he was in possession of the buy money Officer Addison had given to White, as well as additional cocaine.

Although the police report in question indicated that there was another person at the car wash with White, it did not indicate that this person played any role in the drug

transaction or had any contact with White between the time he walked away from Hardy's truck and the time he handed Officer Addison the drugs. Indeed, the report gives no indication whatsoever of anything the other person did. And although the report indicates that White referred to his supplier as his brother, the jury was aware of White's statement in that regard. Specifically, on cross-examination, White's defense counsel elicited testimony from Officer Addison that White had referred to his supplier as his brother. Trial Tr. p. 119. Because the report gave no indication that the other person at the car wash participated in any way in the drug deal and because the jury was aware that White referred to his supplier as his brother, we agree with the post-conviction court's conclusion that the report was not likely to lead to different result on retrial. For all of these reasons, we cannot conclude that the post-conviction court erred in concluding that the report does not qualify as newly discovered evidence.

Hardy also argues that the State's "suppression" of the report "is a clear Brady violation." Appellant's Br. at 18. In Brady v. Maryland, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). In order to prevail on a Brady claim, the defendant must establish: "(1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial." Farris v. State, 732 N.E.2d 230, 233 (Ind. Ct. App. 2000).

As we explained above, Hardy has not established that defense counsel did not receive the report prior to trial; he therefore has not met his burden of establishing that the prosecution suppressed the report. Moreover, evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. Id. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. For the same reasons we conclude that the report would not probably lead to a different result at retrial in the context of Hardy's claim of newly discovered evidence, we also conclude that there is no reasonable probability that the result of the proceeding would have been different if the report had been disclosed to the defense. Accordingly, we find no Brady violation.

## II. Ineffective Assistance of Counsel

Next, Hardy argues that the post-conviction court erred in determining that he had not received ineffective assistance of trial and appellate counsel.[2] To prevail on a claim of ineffective assistance of counsel, Hardy must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. Coleman v. State, 694 N.E.2d 269, 272 (Ind. 1998) (citing Strickland v. Washington, 466 U.S. 668 (1984)). There is a strong presumption that counsel rendered adequate assistance. Id. "Evidence of isolated poor strategy, inexperience or bad tactics will not support a claim of ineffective assistance." Id. at 273.

---

[2] Hardy was represented by the same counsel at trial and on direct appeal.

To establish the prejudice prong of the test, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Sims v. State, 771 N.E.2d 734, 741 (Ind. Ct. App. 2002), trans. denied. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable." Coleman, 694 N.E.2d at 272. This standard applies to both claims of ineffective assistance of trial and appellate counsel. Rhoiney v. State, 940 N.E.2d 841, 845 (Ind. Ct. App. 2010), trans. denied.

A. *Trial Counsel*

Hardy argues that his trial counsel was ineffective for failing to challenge his convictions for dealing and possession of cocaine on double jeopardy grounds.[3] Hardy's argument fails because he has not established that his convictions for possession and dealing violate double jeopardy principles, and counsel therefore could not have been ineffective for failing to raise the argument.

Hardy argues that his trial counsel should have challenged his convictions for possession of and dealing in cocaine on double jeopardy grounds because possession is a

___

[3] The State argues that Hardy has waived his double jeopardy claim because it was asserted as a freestanding claim of trial error, and the issue was known and available on direct appeal. See Collins v. State, 817 N.E.2d 230, 232 (Ind. 2004) (noting that issues that are known and available but not raised on direct appeal may not be raised in post-conviction proceedings). However, in his petition for post-conviction relief, Hardy referenced the alleged double jeopardy violation as a freestanding claim of error *and* under the umbrella of his claim of ineffective assistance of trial counsel. Specifically, he alleged that his trial counsel was ineffective for failing to file a motion to dismiss the possession charge on the basis of the alleged double jeopardy violation. Appellant's App. p. 85. To the extent that Hardy raises his double jeopardy claim as a freestanding claim of error, it is waived. We address Hardy's claim that his trial counsel was ineffective for failing to challenge his convictions on double jeopardy grounds on its merits above.

9

lesser-included offense of dealing. The State responds that the convictions do not violate double jeopardy principles because they were supported by two separate and distinct instances of criminal conduct. Specifically, the State argues that the dealing conviction was supported by Hardy's delivery of cocaine to White, and the possession conviction was supported by Hardy's possession of cocaine when his car was subsequently stopped by the police. We agree.

"'Where the conviction of a greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one.'" Mason v. State, 532 N.E.2d 1169, 1172 (Ind. 1089) (quoting Boze v. State, 514 N.E.2d 275, 277 (Ind. 1987)). Where the same cocaine supports both possession of cocaine pursuant to Indiana Code section 35-48-4-6 and dealing in cocaine pursuant to Indiana Code section 35-48-4-1, possession is a lesser-included offense of dealing in cocaine. Harrison v. State, 901 N.E.2d 635, 643 (Ind. Ct. App. 2009), trans. denied. However, separate convictions for dealing and possession are sustainable when the defendant deals a portion of a drug and retains the rest, provided that the dealing and possession charges are specifically based only on the respective quantities. Johnson v. State, 659 N.E.2d 242, 245 (Ind. Ct. App. 1995). In determining whether the State has sufficiently distinguished the facts supporting the dealing and possession charges such that double jeopardy is avoided, this court has considered the language of the charging informations and the arguments of counsel. Id. at 245-46; see also Storey v. State, 875 N.E.2d 243, 249-50 (Ind. Ct. App.

10

2007) (addressing whether the State sufficiently distinguished between the facts underlying convictions for manufacturing and possession of methamphetamine), trans. denied.

The amended charging information alleging that dealt cocaine provided that Hardy knowingly or intentionally delivered cocaine to Officer Addision "and/or Eric White Sr." Appellant's App. p. 29. The charging information alleging possession of cocaine, as read to the jury during voir dire, provided only that Hardy possessed cocaine, without setting forth any specific facts to distinguish it from the dealing charge. Trial Tr. p. 9. Nevertheless, we conclude that the State sufficiently distinguished the facts underlying each charge in its arguments to the jury. First, in its opening statement, the State asserted that "Derek Hardy delivered cocaine to Eric White, who in turn took the cocaine and delivered it to Detective Greg Addison. *Shortly after the deal and after a short pursuit and struggle, the Defendant Derek Hardy was arrested and found to be in possession of more cocaine.*" Trial Tr. p. 86 (emphasis added). And in its closing argument, the State asked the jury to review the evidence and find Hardy "guilty of dealing cocaine, [and] of possession of cocaine *afterwards*[.]" Trial Tr. pp. 212-13 (emphasis added). The State later argued that Hardy "possessed cocaine and that he fled from the police as we saw on the video and struggled with the police afterwards." Id. at 221.

Thus, it is evident to us that the State took care to ensure that the jury did not rely on the same facts supporting the dealing conviction to support the possession conviction. Instead, the State asked the jury to consider the evidence concerning Hardy's possession

11

of cocaine *after* his act of delivering cocaine to Officer Addison and/or White to support the possession charge, specifically, Hardy's possession of cocaine when police stopped his car following the drug transaction. Accordingly, we conclude that Hardy's convictions do not violate Indiana's double jeopardy clause. See Storey, 875 N.E.2d at 250 (holding that convictions for manufacturing and possession of methamphetamine did not violate double jeopardy prohibition where "the State sufficiently distinguished the possession offense from the manufacturing offense and provided independent evidence to support both convictions"). Because Hardy has not established that his convictions violate double jeopardy principles, he cannot establish that counsel was ineffective for failing to challenge them on that basis.[4]

Hardy also argues that his trial counsel was ineffective for failing to file various pretrial motions. First, Hardy claims that counsel should have moved to suppress "evidence from the transaction between White and [Officer] Addison, because no one established that [Hardy] had any drugs prior to arriving at the carwash." Appellant's App. p. 17. However, Hardy not set forth any cogent argument or legal basis for the exclusion of such evidence, or even specified what evidence he is referring to. Similarly, Hardy claims that his counsel was ineffective for failing to elicit testimony or inform the court that White was arrested shortly before Hardy's trial, but he has made no effort to

---

[4] Hardy also appears to raise a freestanding claim that his convictions for dealing and possession were not supported by sufficient evidence. Because the sufficiency issue was known and available, and in fact raised on direct appeal, it is not available on post-conviction review. See Williams v. State, 808 N.E.2d 652, 659 (Ind. 2004) (noting that if an issue was known and available on direct appeal, but not raised, it is procedurally defaulted as a basis for relief in subsequent proceedings, and that if an issue was raised on appeal but decided adversely to the defendant, it is res judicata).

12

establish the relevance or admissibility of any such testimony. Accordingly, these claims are waived for failure to make a cogent argument. See Lyles v. State, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005) (noting that a party waives an issue where he or she fails to develop a cogent argument or provide adequate citation to authority and the record), trans. denied.

Hardy also argues that counsel was ineffective for failing to file a motion to dismiss the possession charge on double jeopardy grounds. However, as we explained above, Hardy's convictions do not violate double jeopardy principles, and even if they did, Hardy would not have been entitled to the dismissal of the lesser-included offense prior to trial on that basis. See Faddell v. State, 450 N.E.2d 109, 117 (Ind. Ct. App. 1983) (rejecting defendant's claim that he was entitled to dismissal of charge on lesser-included offense prior to trial on double jeopardy grounds because "[w]here a defendant is alleged to have committed acts that are a violation of more than one criminal statute, the State has the option of prosecuting him under any or all of the applicable statutes[,]" and noting that double jeopardy bars only conviction and sentencing for both the greater and lesser-included offenses). Because the motion would have been denied, counsel was not ineffective for not filing it.

Hardy also argues that his counsel was ineffective for failing to depose White. However, at the evidentiary hearing on his petition for post-conviction relief, Hardy elicited no testimony from his trial counsel on this matter. Our supreme court has held that, because counsel is assumed to be competent, "an action or omission that is within

13

the range of reasonable attorney behavior can only support a claim of ineffective assistance if that presumption is overcome by specific evidence as to the performance of the particular lawyer." Morgan v. State, 755 N.E.2d 1070, 1074 (Ind. 2001). Here, it is possible that counsel's decision not to depose White was a strategic one and not the result of oversight or inadvertence. Specifically, it is possible that counsel chose not to depose White because he knew or suspected that White would have given testimony unfavorable to Hardy[5] or that White intended to invoke his Fifth Amendment privilege against self-incrimination. Because Hardy has not set forth any evidence to rebut the presumption of attorney competence in this regard, he has not satisfied his burden of establishing that his trial counsel was ineffective. For all of these reasons, we conclude that the post-conviction court did not err in concluding that Hardy did not receive ineffective assistance of trial counsel.

B. *Appellate Counsel*

Finally, Hardy argues that his appellate counsel was ineffective for failing to challenge the trial court's admission of hearsay into evidence at trial. Our supreme court has recognized three types of ineffective assistance of appellate counsel: (1) denial of access to appeal; (2) failure to raise issues that should have been raised; and (3) failure to present issues well. Wrinkles v. State, 749 N.E.2d 1179, 1203 (Ind. 2001).

> When a petitioner claims the denial of effective assistance of appellate counsel because counsel did not raise issues the petitioner argues should

---

[5] We note that Hardy submitted an affidavit from White in which White denies that any drug transaction took place on the date in question. However, the affidavit is dated November 10, 2009, nearly a year after Hardy's trial, and it is far from clear that White would have testified to that effect around the time of Hardy's trial.

have been raised, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. But this does not end our analysis. Even if we determine that counsel's choice of issues was not reasonable, a petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different in order to prevail.

Taylor v. State, 840 N.E.2d 324, 338 (Ind. 2006) (citations and quotation marks omitted). We must determine "(1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are clearly stronger than the raised issues." Gray v. State, 841 N.E.2d 1210, 1214 (Ind. Ct. App. 2006) (citation omitted), trans. denied.

Hardy argues that his appellate counsel was ineffective for failing to challenge the trial court's admission of hearsay statements made by White. Hardy is apparently referencing Officer Addison's testimony that White told him that he "was waiting on his supplier." Trial Tr. p. 101. Defense counsel did not object to the statement at trial, and any error in its admission was therefore not preserved for appellate review.[6] See Kubsch v. State, 784 N.E.2d 905, 923 (Ind. 2003) ("Failure to object at trial to the admission of evidence results in waiver of that issue on appeal."). Accordingly, in order to prevail on appeal, counsel would have had to establish that the admission of the statement amounted to fundamental error. See Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010) ("A claim

---

[6] Hardy asserts that trial counsel preserved the error by filing a pretrial motion in limine seeking to exclude hearsay statements made by White, which the trial court denied on the basis that White's statement was admissible as a statement by a co-conspirator. Contrary to Hardy's assertion on appeal, the pre-trial motion in limine was not sufficient to preserve the issue for appeal. See Warren v. State, 757 N.E.2d 995, 998 (Ind. 2001) (holding "that the denial of a motion in limine does not preserve error and that the failure to make a timely objection to the evidence at trial waives the error on appellate review").

that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred.").

The fundamental error exception to the waiver rule is extremely narrow, and applies only in egregious circumstances. Id. The exception is available only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. Id. The claimed error must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process. Id.

Here, the post-conviction court concluded that appellate counsel was not ineffective for failing to raise the hearsay issue because any error in the admission of White's statement was harmless. Specifically, the post-conviction court found that "[i]n light of the strong evidence that Mr. Hardy sold cocaine to White . . ., the probable impact on the jury of any error in the admission of a single statement, suggesting that Mr. Hardy was indeed White's supplier, must have been little or none." Appellant's App. p. 113. We agree.

An error is to be disregarded as harmless unless it affects the substantial rights of a party. Ind. Trial Rule 61. "The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt which satisfies the reviewing court that there is no substantial likelihood the challenged evidence contributed to the conviction." Morales v. State, 749 N.E.2d 1260, 1267 (Ind. Ct. App.

16

2001). The evidence presented at trial established that Officer Addison recorded the serial numbers of eight twenty-dollar bills before going to meet White at the car wash. White did not have cocaine available for purchase when Officer White first arrived at the car wash, but when Hardy subsequently arrived in his truck, White went to the driver's side of the truck and stayed there for a few minutes before returning to deliver the cocaine to Officer Addison. When Hardy's truck was subsequently stopped by the police, Hardy was in the driver's seat and he was in possession of the buy money Officer Addison had given to White, as well as additional cocaine.

In light of this evidence, we agree with the trial court's conclusion that any error in the admission of White's single statement was harmless. And because any error was harmless, it was by definition not fundamental. Because the argument would not have prevailed on appeal, Hardy has not established that he was prejudiced by appellate counsel's failure to raise the hearsay issue. Accordingly, Hardy has not established that the post-conviction court erred in concluding that Hardy did not receive ineffective assistance from his appellate counsel.[7]

## Conclusion

The post-conviction court did not err in rejecting Hardy's claim of newly discovered evidence or in concluding that Hardy had not received ineffective assistance of trial or appellate counsel.

---

[7] Hardy has not raised a corresponding argument that his trial counsel was ineffective for failing to preserve the hearsay issue for appellate review. Nevertheless, we note that because any error in the admission of White's statement was harmless, Hardy would not be able to establish prejudice resulting from trial counsel's failure to object.

Affirmed.

VAIDIK, J., and BARNES, J., concur.