Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 23 2013, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANGELA WARNER SIMS**
Hulse, Lacey, Hardacre, Austin, & Sims, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL GREGG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1205-CR-400 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1110-FB-1864

**January 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On October 10, 2011, officers of the Anderson Police Department became aware that Michael T. Gregg was manufacturing methamphetamine in a detached garage at the home of Gregg's friend, Richard Wise. Gregg fled when approached by officers, but was subsequently apprehended and placed under arrest. At the time of his arrest, Gregg was found to be in the possession of marijuana. Following trial, Gregg was convicted of Class B felony dealing in methamphetamine, Class A misdemeanor resisting law enforcement, and Class A misdemeanor possession of marijuana. At sentencing, the trial court imposed an aggregate twenty-year term of imprisonment. Gregg appealed, arguing that his sentence was inappropriate in light of the nature of his offenses and his character. Concluding that the sentence imposed by the trial court is not inappropriate, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 10, 2011, Officer Matthew Jarrett of the Anderson Police Department was called to a CVS Pharmacy in Anderson in reference to three individuals, one male and two females, who were believed to have been "going to several business[es] trying to obtain pills." Tr. p. 226. Officer Jarrett spoke to the two females, who told him that they had been buying pills at Gregg's instruction and that Gregg intended to use the pills to manufacture methamphetamine. Later that same day, investigating officers approached Wise and, after receiving permission to search Wise's detached garage, discovered that the garage contained the materials needed to manufacture methamphetamine. Wise told the investigating officers that he had given Gregg permission to use the garage to manufacture methamphetamine in exchange for methamphetamine and money. Wise also told the investigating officers that he

2

and his girlfriend, Lorrie Antrobus, had previously purchased pills for Gregg to use to manufacture methamphetamine.

Officer Jarrett drove to Gregg's known address and activated his emergency red and blue lights as he approached the home. Officer Jarrett observed a vehicle that was registered to Gregg backing out of the driveway and onto the street. The vehicle pulled back into the driveway when Officer Jarrett approached. As the vehicle pulled back into the driveway, a man "jumped out" of the front passenger side door and "took off running south bound behind, through the yard, between the garage." Tr. p. 235. Officer Jarrett instructed the man to "stop." Tr. p. 235. The man disregarded Officer Jarrett's instruction. The man was subsequently identified as Gregg.

Another officer informed Officer Jarrett that a black bag in the back seat of Gregg's vehicle contained all of the ingredients necessary for the manufacture of methamphetamine. The two other individuals in the vehicle informed the officer that the bag belonged to Gregg. After securing the two other individuals, Officer Jarrett decided to deploy his K-9 partner, Magnum, in an attempt to locate Gregg. Gregg was subsequently found hiding in a nearby yard. Gregg was placed under arrest. At the time of his arrest, Gregg was found to be in possession of marijuana and $387.

On October 11, 2010, the State charged Gregg with Class B felony dealing in methamphetamine,[1] Class A misdemeanor resisting law enforcement,[2] and Class A

---

[1] Ind. Code § 35-48-4-1.1(a)(1)(A) (2011).
[2] Ind. Code § 35-44-3-3(a)(3) (2011).

3

misdemeanor possession of marijuana.[3]  On March 21, 2012, following a two-day trial, the jury found Gregg guilty as charged.  The trial court conducted a sentencing hearing on April 16, 2012, at which the court sentenced Gregg to an aggregate twenty-year term.  This appeal follows.

## DISCUSSION AND DECISION

Gregg challenges his sentence by claiming that his sentence is inappropriate in light of the nature of his offenses and his character.  Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  The defendant bears the burden of persuading us that his sentence is inappropriate.  *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of Gregg's offenses, the record demonstrates that Gregg organized and carried out an effort to manufacture methamphetamine.  Gregg manufactured methamphetamine out of a friend's detached garage and paid his friend for the use of the garage with methamphetamine and cash.  The garage contained all materials necessary for the manufacture of methamphetamine.  Gregg also convinced others to help him obtain the items necessary for the manufacture of methamphetamine and instructed these individuals as to what stores to visit to buy the necessary items.  In addition, Gregg was carrying a bag containing all of the materials necessary to manufacture methamphetamine in his car when

---

[3] Ind. Code § 35-48-4-11(1) (2011).

4

approached by Officer Jarrett. Gregg also attempted to avoid apprehension by fleeing from Officer Jarrett, and he possessed marijuana at the time of his arrest.

Gregg claims that his aggregate twenty-year sentence is inappropriate because the manufacture of methamphetamine is a drug offense and no one was hurt or threatened as a result of his actions. This court has previously stated that the manufacture of methamphetamine is a very dangerous process. *Storey v. State*, 875 N.E.2d 243, 253 (Ind. Ct. App. 2007), *trans. denied*. The mere fact that no one was physically harmed as a direct result of Gregg's actions does not minimize the dangerous nature of Gregg's act of manufacturing methamphetamine. Gregg also displayed a disregard for law enforcement by ignoring Officer Jarrett's instruction to stop when Gregg fled in an attempt to avoid arrest.

With respect to Gregg's character, the record demonstrates that Gregg has a substantial criminal history, including two prior felony convictions for robbery and a prior felony conviction for possession of cocaine, as well as prior misdemeanor convictions for battery, possession of marijuana, conversion, and battery resulting in bodily injury. The record further demonstrates that Gregg had multiple juvenile adjudications for what would be, if committed by an adult, criminal trespass, criminal conversion, and multiple counts of disorderly conduct. Gregg has also committed previous violations of probation and work release conditions and was determined to be a high threat to reoffend. Furthermore, multiple felony and misdemeanor criminal charges were pending against Gregg at the time of sentencing in the instant matter.

Upon review, we conclude that Gregg's failure to modify his ongoing criminal

5

behavior demonstrates a total disregard for the laws of this state.  Thus, in light of Gregg's actions, which again included manufacturing methamphetamine, fleeing law enforcement, and possession of marijuana; Gregg's criminal history, which included multiple prior felony and misdemeanor convictions; his prior failures to respond positively to probation and work release; and the determination that he is a high risk to reoffend, we cannot say that his twenty-year sentence is inappropriate.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.