**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 30 2013, 8:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL J. SPENCER**
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES A. CROUCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  53A05-1208-CR-417 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-0505-FC-278

**January 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant, James Crouch, contends that the trial court abused its discretion in sentencing him to six years of incarceration after he violated several conditions of a drug treatment program. Crouch further alleges that his sentence was inappropriate when considering the nature of the offense and his character.

We conclude that the trial court did not abuse its discretion in sentencing him and that the two-year sentence was not inappropriate.

FACTS

On May 10, 2005, Bloomington Police Officer Scott Reynolds was dispatched to a Monroe County Bank branch after receiving a forgery report. When Officer Reynolds arrived, he spoke with Timothy Frazier, the branch manager, who informed him that Crouch was at the bank and had forged several checks totaling more than $3000 on the account of his grandmother, Donna Oswald.

When Officer Reynolds spoke with Oswald, she confirmed that Crouch had stolen some blank checks from her, and that she had not written any checks to Crouch. After Crouch was transported to the Bloomington Police Department, he admitted that he stole several checks from his grandmother, forged at least eight of them, and cashed them at various locations in the Bloomington area. Crouch also later admitted to using the money to purchase drugs.

Crouch was arrested and charged with forgery, a class C felony, and theft, a class D felony. Thereafter, on June 20, 2005, Crouch pleaded guilty to the forgery charge

pursuant to a written plea agreement. Crouch was admitted to the Monroe County Drug Treatment Court as part of the plea agreement. The trial court deferred the judgment and sentence for a period of two years.

Although Crouch continuously violated various terms of the program, he continued to participate until May 5, 2012. Crouch ultimately admitted the violations and the trial court conducted a sentencing hearing in accordance with the provisions of the plea agreement. It determined that Crouch's violations of the rules of the drug treatment program were aggravating factors that warranted an increased sentence. As a result, Crouch was sentenced to a six-year term of incarceration in the Indiana Department of Correction (DOC). Crouch now appeals.

## DISCUSSION AND DECISION

### I. Abuse of Discretion

Crouch first claims that the trial court abused its discretion in sentencing him because it declined to consider his decision to plead guilty and his remorse as mitigating factors. Crouch contends that we should "reweigh the aggravating and mitigating circumstances" that the trial court found. Appellant's Br. p. 5.

Notwithstanding Crouch's contention, we note that in Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), our Supreme Court held that "because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . , a trial court cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." Thus, "[t]he relative weight or

3

value assignable to reasons properly found or those which should have been found is not subject to review for abuse." Id. Accordingly, in light of the holding in Anglemyer, we decline Crouch's request to reweigh the aggravating and mitigating factors that the trial court found.

We also note that the finding of mitigating factors is not mandatory and rests within the trial court's discretion. Storey v. State, 875 N.E.2d 243, 252 (Ind. Ct. App. 2007). The trial court does not have to afford the same credit or weight to the proffered mitigating circumstances as the defendant suggests. Thacker v. State, 709 N.E.2d 3, 10 (Ind. 1999). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is significant and clearly supported by the record. Gray v. State, 790 N.E.2d 174, 177 (Ind. Ct. App. 2003).

Additionally, not every guilty plea is a significant mitigating circumstance that must be credited by a trial court. Trueblood v. State, 715 N.E.2d 1242, 1257 (Ind. 1999). A guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one. Powell v. State, 895 N.E.2d 1259, 1262-63 (Ind. Ct. App. 2008).

The evidence established that Crouch was arrested at the bank where he was in the process of attempting to cash a forged check. Appellant's App. p. 8. The check was one of several that he stole from his grandmother, and Crouch admitted his crime to the

police. In light of these circumstances, it is apparent that Crouch's decision to plead guilty to the charged offense was merely a pragmatic one.

Crouch also received a substantial benefit from the plea, in that the charge of class D felony theft was dismissed and he received a sentence deferral of two years while he participated in the drug program. And if Crouch successfully completed the program, the remaining charges would be dismissed. Had Crouch not pleaded guilty, he would not have had the benefit of this program. As a result, Crouch received substantial benefits from his guilty plea. In light of these circumstances, Crouch has failed to show that the trial court should have considered his decision to plead guilty as a significant mitigating factor.

Crouch also contends that the trial court should have considered his remorse as a significant mitigating factor. In the pre-sentence investigation report, Crouch expressed regret that he victimized and inflicted emotional distress on his grandmother. PSI at 12. However, our review of the sentencing transcript reveals no expression of remorse, even though Crouch's grandmother was present and testified on his behalf. In short, there is no evidence in the record that Crouch apologized for his acts. In fact, he only expressed remorse that he failed to complete the drug court program.

The trial court was in the best position to judge the sincerity of Crouch's alleged remorsefulness. Pickens v. State, 767 N.E.2d 530, 535 (Ind. 2002). Here, we cannot say that the trial court abused its discretion in not finding remorse as a significant mitigating circumstance. See Price v. State, 765 N.E.2d 1245, 1253 (Ind. 2002) (finding no error

5

in the trial court's failure to accept remorse as a mitigating factor because the statement of remorse was equivocal). As a result, Crouch's claim fails, and we conclude that the trial court did not abuse its discretion in sentencing him.

## II. Appropriateness of Sentence

Crouch also claims that his sentence is inappropriate when considering the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. Sanchez v. State, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

We note that the advisory sentence for a class C felony is four years, the minimum sentence is two years, and the maximum sentence is ten years. Ind. Code § 35-50-2-6. As stated above, Crouch ultimately received a sentence of six years.

When examining the nature of the offense, the evidence established that Crouch stole several of his grandmother's checks, forged them, and cashed at least eight of them at various locations in Bloomington. Appellant's App. p. 8-9. Crouch used the money that he obtained from the forgeries to subsidize his drug habit. PSI at 8. In short, Crouch's nature of the offense argument avails him of nothing.

Crouch's character is revealed by the nature and circumstance of his crime and his behavior while in the Drug Treatment Program. In addition to stealing and forging

6

checks, Crouch admitted to violating a condition of the Drug Treatment Court Program by leaving the State on numerous occasions without permission to meet his girlfriend in Kentucky. Crouch, who was driving a vehicle without a license, claimed that he had to get to and from work. However, Crouch was apprehended when he was driving back from Kentucky after visiting his girlfriend.

While in the Drug Treatment Program, Crouch continuously failed to complete the program and his participation was extended from two years to seven years before it was finally terminated in May 2012. Also, even though Crouch's criminal history is not extensive, he had accumulated one felony and one misdemeanor conviction prior to the instant case. In short, Crouch's history demonstrates that he fails to abide by the law and take responsibility for his behavior.

We conclude that Crouch failed to demonstrate that his sentence was inappropriate in light of the nature of the offense and his character. As a result, we decline Crouch's invitation to revise his sentence or set the sentence aside.

The judgment of the trial court is affirmed.

RILEY, J., and BARNES, J., concur.