**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 18 2014, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GAYLE CLARK, JR.,               )
                                      )
      Appellant-Defendant,       )
                                      )
         vs.                   )     No. 76A05-1305-CR-261
                                      )
STATE OF INDIANA,         )
                                      )
      Appellee-Plaintiff.         )

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
Cause No. 76C01-1110-FD-970

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Gayle Clark, Jr. appeals from the trial court's sentencing order following Clark's jury trial at the conclusion of which he was found guilty of one count of possession of marijuana[1] as a Class D felony and one count of possession of paraphernalia[2] as a Class A misdemeanor, contending that the trial court abused its discretion at sentencing by failing to find a significant mitigating circumstance.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 5, 2011, Steuben County Deputy Sheriff Phillip Nott received a tip that Clark had marijuana at his residence located at 4210 West County Road 150 South in Steuben County. Acting on that tip, Deputy Nott and Deputy Michael Meeks drove toward Clark's residence at approximately 9:00 a.m. and encountered Clark on Golden Lake Road. After speaking with Clark, the deputies followed Clark to his residence, where they were joined by another deputy shortly after arriving there. Deputy Nott told Clark that he had received information that there may be marijuana in Clark's residence. Clark admitted that he might have some cut marijuana in his residence. Deputy Nott obtained Clark's consent to search the residence, and the officers entered the residence and proceeded to conduct their search.

In the kitchen area, the deputies observed two paper plates sitting on a table, with one plate stacked on top of the other. Each plate contained an amount of green, cut, plant material. The deputies also observed on top of a portable stereo, a packet of rolling papers

---

[1] *See* Ind. Code § 35-48-4-11(1).

[2] *See* Ind. Code § 35-48-4-8.3(b).

2

used to smoke marijuana. Next to the stereo, the deputies observed a metal pipe also used to smoke marijuana. The pipe contained what the deputies observed to be residue in the bowl of the pipe, which smelled like burnt marijuana. In a cabinet in the kitchen area, the deputies discovered two zip-lock plastic bags containing green, leafy, plant material.

Clark admitted that he smoked marijuana and claimed that he obtained the marijuana from plants in the area. He further admitted that the amount he possessed was more than thirty grams. All of the green cut plant material, rolling papers, and metal pipe were recovered by Deputy Nott. The green, cut plant material was submitted for chemical analysis, after which it was determined to be marijuana with an aggregate weight of 194 grams.

The State charged Clark as detailed above, and after his jury trial, Clark was found guilty as charged. At Clark's sentencing hearing, he argued that despite having a lengthy criminal history, the facts of this case were not particularly aggravating. Clark admitted possession of the marijuana and requested that less than the maximum sentence be imposed for the offenses. The trial court found Clark's substantial, prior criminal history to be an aggravating circumstance and found no mitigating circumstances. Clark was sentenced to three years executed for his Class D felony conviction and to a one-year sentence for his Class A misdemeanor conviction, with the sentences to be served concurrently. Clark now appeals.

## DISCUSSION AND DECISION

Clark appeals from the trial court's sentencing order contending that the trial court abused its discretion by failing to find what he claims was a significant, mitigating

circumstance. Clark argues that the trial court should have found as a mitigating circumstance that his crime did not cause or threaten to cause serious harm to persons or property.

Trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id*. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id*. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*.

A trial court may abuse its discretion by entering a sentencing statement that omits mitigating factors that are clearly supported by the record and advanced for consideration. *Id*. at 490-91. Because the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors. *Id*. at 491. Once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then "impose any

4

sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana." Ind. Code § 35-38-1-7.1(d).

The finding of mitigating factors is not mandatory and rests within the trial court's discretion. *Storey v. State*, 875 N.E.2d 243, 252 (Ind. Ct. App. 2007). "The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor." *Id.* Additionally, the trial court is not required to attribute the same weight to proffered mitigating factors as does the defendant. *Id.* Nonetheless, the trial court may not ignore factors in the record that would mitigate an offense. *Id.* To fail to find mitigating circumstances that are clearly supported by the record may imply that the trial court did not consider those circumstances. *Id.* In order to prevail on appeal, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Id.*

We observe as an initial matter that Clark did not raise or argue his proposed mitigating circumstance at his sentencing hearing. "A defendant who fails to raise proposed mitigators at the trial court level is precluded from advancing them for the first time on appeal." *Pennington v. State*, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005). Waiver notwithstanding, we conclude that the trial court did not abuse its discretion. The mitigating circumstance advanced by Clark is a discretionary mitigating circumstance found in Indiana Code section 35-38-1-7.1(b)(1). The statutory language provides that the trial court "may" find certain mitigating circumstances, but is not required to do so. Ind. Code § 35-38-1-7.1(b)(1). Moreover, the record is silent on the issue of whether any harm was caused by Clark's offenses.

In sum, Clark waived his appellate claim by failing to first present it to the trial court. Waiver notwithstanding, Clark has failed to establish that the mitigating evidence was both significant and supported by the record.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.